ECF CASE

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

**J & J SPORTS PRODUCTIONS, INC.,** as
Broadcast Licensee of the **May 5, 2007**
**DeLaHoya/Mayweather** Program,      **COMPLAINT**

     Plaintiff,     Civil Action No. 07-CV-08106

 -against-

RICARDO RAMIREZ and CARMEN
RAMIREZ, Individually, and as officers,
directors, shareholders and/or principals of DON
RICARDO STEAK HOUSE LLC d/b/a DON
RICARDO RESTAURANT a/k/a DON
RICARDO STEAKHOUSE,

and

DON RICARDO STEAK HOUSE LLC d/b/a
DON RICARDO RESTAURANT a/k/a DON
RICARDO STEAKHOUSE,

     Defendants.
-----------------------------------------------------------

  Plaintiff, **J & J SPORTS PRODUCTIONS, INC.,** (hereinafter "Plaintiff"), by their attorneys, LONSTEIN LAW OFFICE, P.C. complaining of the defendants herein respectfully sets forth and alleges, upon information and belief, as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 47 U.S.C. §§ 553, 605, et seq.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

3. Upon information and belief, venue is proper in this court because, *inter alia*, all defendants reside within the State of New York (28 U.S.C. § 1391(b) and 28 U.S.C. §112(b)).

4. This Court has personal jurisdiction over the parties in this action as a result of the defendants' wrongful acts hereinafter complained of which violated plaintiff's rights as distributor of the transmission signal of the fight as hereinafter set forth at length. The defendants' wrongful acts consisted of the interception or tortious conversion of said property of plaintiff within the control of the plaintiff in the State of New York.

## THE PARTIES

5. The plaintiff is a California corporation with its principal place of business located at 2380 So. Bascom Avenue, Suite 200, Campbell, CA 95008.

6. Upon information and belief the defendant, RICARDO RAMIREZ, resides in the State of New York.

7. Upon information and belief the defendant, CARMEN RAMIREZ, resides in the State of New York.

8. Upon information and belief the defendants, RICARDO RAMIREZ and CARMEN RAMIREZ, are the principals of DON RICARDO STEAK HOUSE LLC d/b/a DON RICARDO RESTAURANT a/k/a DON RICARDO STEAKHOUSE, of that he they are doing business as DON RICARDO STEAK HOUSE LLC d/b/a DON RICARDO RESTAURANT a/k/a DON RICARDO

STEAKHOUSE.

9. Upon information and belief the defendants, RICARDO RAMIREZ and CARMEN RAMIREZ, were the individuals with supervisory capacity and control over the activities occurring within the establishment on May 5, 2007.

10. Upon information and belief the defendants, RICARDO RAMIREZ and CARMEN RAMIREZ, received a financial benefit from the operations of DON RICARDO STEAK HOUSE LLC d/b/a DON RICARDO RESTAURANT a/k/a DON RICARDO STEAKHOUSE, on May 5, 2007.

11. Upon information and belief, the defendant, DON RICARDO STEAK HOUSE LLC d/b/a DON RICARDO RESTAURANT a/k/a DON RICARDO STEAKHOUSE, is a business entity, the exact nature of which is unknown, having its principal place of business at 4460 Broadway, New York, New York 10030-2606.

12. Upon information and belief, the defendant, DON RICARDO STEAK HOUSE LLC d/b/a DON RICARDO RESTAURANT a/k/a DON RICARDO STEAKHOUSE, is a Domestic Corporation, incorporated and licensed to do business in the State of New York.

13. Upon information and belief, the defendant, DON RICARDO STEAK HOUSE LLC d/b/a DON RICARDO RESTAURANT a/k/a DON RICARDO STEAKHOUSE, is a partnership licensed to do business in the State of New York.

14. Upon information and belief, the defendant, DON RICARDO STEAK HOUSE LLC d/b/a DON RICARDO RESTAURANT a/k/a DON RICARDO STEAKHOUSE, is a sole proprietorship licensed to do business in the State of New York.

## COUNT I

15. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "14", inclusive, as though set forth herein at length.

16. By contract, plaintiff was granted the right to distribute the **DeLaHoya/Mayweather** program (this includes all undercard bouts and the entire television broadcast) scheduled for **May 5, 2007** via closed circuit television and via encrypted satellite signal. Said event originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal (hereinafter referred to as the "Program").

17. Pursuant to the contract, plaintiff entered into subsequent agreements with various entities in the State of New York, allowing them to publicly exhibit the Program to their patrons.

18. Plaintiff expended substantial monies in consideration of the aforementioned agreement to transmit the Program to those entities in the State of New York, which in turn, entered into agreements with plaintiff to exhibit the Program to their patrons.

19. Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

20. Upon information and belief, the defendants and/or their agents, servants, workmen and employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used a device to intercept plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal

methods of accessing programing. Splicing an additional coaxial cable line or redirecting a wireless signal, from an adjacent residence, into a business establishment, commercial misuse of cable or satellite by registering same as a residence when it is in fact, a business or taking a lawfully obtained box or satellite receiver from a private residence and into a business. Each of these methods would allow Defendants to access programming unlawfully. * In addition, emerging technologies, such as broadband or internet broadcast as well as "slingbox" technology, which allows a consumer to literally sling programing from their personal home cable or satellite systems and into their computers, can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. While Plaintiff is unable to determine the manner in which Defendants obtained the programing, it is logical to conclude that Defendants must have either used an illegal satellite receiver, misrepresented their business establishment as a residence or engaged in "mirroring" by taking a legitimate receiver from their home to their business establishment in order to intercept Plaintiff's broadcast.

21. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff had the distribution rights thereto.

22. By reason of the aforementioned conduct, the aforementioned defendants willfully violated 47 U.S.C. §605 (a).

23. By reason of the aforementioned defendants' violation of 47 U.S.C. §605 (a), plaintiff has a private right of action pursuant to 47 U.S.C. §605.

24. As a result of the aforementioned defendants' willful violation of 47 U.S.C. §605 (a), plaintiff is entitled to damages in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to $110,000.00 as to each defendant.

25. Pursuant to 47 U.S.C. §605, plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## **COUNT II**

26. Plaintiff hereby incorporates paragraphs "1" through "25", inclusive, as though fully set forth herein.

27. Upon information and belief, defendants and/or their agents, servants, workmen or employees, and each of them knowingly, modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

28. 47 U.S.C. §605 (e)(4) prohibits the modification or utilization of a device or equipment knowing or having reason to know that it is used primarily in the assistance of the unauthorized decryption of satellite cable programming or direct-to-home satellite services, such as the transmission for which plaintiff had the distribution rights thereto, or is intended for any other activity prohibited under 47 U.S.C. §605 (a).

29. By reason of the aforementioned conduct, each of the aforementioned defendant's violation of 47 U.S.C. §605, plaintiff has a private right of action pursuant to 47 U.S.C. §605.

30. As a result of the aforementioned defendants' violation of 47 U.S.C. §605 (e)(4), plaintiff is entitled to damages in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) of up to $100,000.00 as to each defendant.

31. Pursuant to 47 U.S.C. §605, plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## **COUNT III**

32. Plaintiff hereby incorporates paragraphs "1" through "31", inclusive, as though fully set forth herein at length.

33. Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

34. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which plaintiff had the distribution rights thereto.

35. Upon information and belief, the defendants individually, willfully and illegally intercepted said Program when it was distributed and shown by cable television systems.

36. By reason of the aforementioned conduct, all of the aforementioned defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

37. As a result of the aforementioned defendants' violation of 47 U.S.C. §553, plaintiff is entitled to damages in an amount in the discretion of this Court, of up to $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

WHEREFORE, the plaintiff requests that judgment be entered in its favor and against each of the aforementioned defendants granting to plaintiff the following:

(a) Declare that defendant's unauthorized exhibition of the **May 5, 2007 DeLaHoya/Mayweather Program,** violated the Federal Communications Act and that such violations were committed willfully and for purposes of defendants' direct or indirect commercial advantage or for private financial gain.

(b) On the first cause of action, statutory penalties in an amount in the discretion of this Court, of up to $110,000.00 as to each defendant for their willful violation of 47 U.S.C. §605 (a);

(c) On the second cause of action, statutory penalties in an amount in the discretion of this Court, of up to $100,000.00 as to each defendant for their violation of 47 U.S.C. §605 (e)(4);

(d) On the third cause of action, statutory penalties in an amount in the discretion of this Court, of up to $60,000.00 as to each defendant for their violation of 47 U.S.C. §553;

(e) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U. S. C. § 605 (e) (3) (B) (iii) and §553 (c) (2)(C), together with such other and further relief as this Court may deem just and proper.

Dated:  September 11, 2007
        Ellenville, New York

**J & J SPORTS PRODUCTIONS, INC.**

By: /s/Julie Cohen Lonstein
    JULIE COHEN LONSTEIN, ESQ.
    Attorney for Plaintiff
    Bar Roll No. JL8521
    LONSTEIN LAW OFFICE, P.C.
    Office and P.O. Address
    1 Terrace Hill : P.O. Box 351
    Ellenville, NY  12428
    Telephone:  (845) 647-8500
    Facsimile:   (845) 647-6277
    Email: Info@signallaw.com
    *Our File No.  07-4-S04V*